JUDGE OF PROBATE, use, &c. v. ISAAC F. ALEXANDER et al.

1. WILL: LEGACY OF SLAVE.—A bequest of a female slave does not of itself carry the title to her issue, born before the death of the testator.
2. REMAINDERMAN: RIGHT TO ISSUE OF A SLAVE, BORN DURING LIFE ESTATE.—The issue of a female slave, born during the existence of a tenancy for life in her, goes to the remainderman, upon the death of the tenant for life.
3. EXECUTOR AND ADMINISTRATOR: DISTRIBUTION: REMAINDER IN CHATTELS.—If a slave be given by a will to one for life, the remainder to another, a delivery and distribution of the slave by the executor, to the tenant for life, is a distribution to the remainderman, and vests the title in him; and upon the death of the tenant for life, the right to the possession of the slave vests immediately in the remainderman, without any further act or duty to be performed by the executor; and if the tenant in remainder permit the executor then to resume the possession of the slave, and sell the same as a part of the testator's estate, he cannot maintain an action against the executor and his sureties on his bond, for a failure to deliver the slave to him.

APPEAL from the Circuit Court of Rankin county. Hon. John Watts, judge.

*Freeman* and *Dixon*, for appellants.

*T. P. Ware* and *W. C. Harper*, for appellees.

SMITH, C. J., delivered the opinion of the court.

This was a suit upon the administration bond of James Y. M'Nabb, and brought in the name of the Judge of Probates, of Rankin county, for the use of Joseph M'Nabb, against the *sureties* in the bond of said James Y. M'Nabb, deceased, and against his executors.

The object of the suit was the recovery of the value of a certain slave and her increase, claimed as a legacy under the will of James M'Nabb, the testator of James Y. M'Nabb, deceased.

The complainant sets out, that the said James M'Nabb, deceased, the plaintiff's father, died in 1815, in the State of Louisiana, having previously made and published his will, which was duly admitted to probate in said State; that said will was also admitted to pro-

bate in the Court of Probate of Rankin county, in this State; that said James Y. M'Nabb was appointed administrator, with the will annexed, of the said James M'Nabb, deceased, by the said Probate Court of Rankin county; that he gave bond as such, with the defendants, Isaac B. Norvell and Joseph Hudnal, as his sureties; and that letters of administration were accordingly issued to him. By reference to an exhibit, made part of the complaint, it appears that a certified copy of the will, and probate thereof made in the State of Louisiana, of James M'Nabb, deceased, was filed in the Probate Court of Rankin county, State of Mississippi, on the ———— day of October, 1840.

It is further alleged, that the said James Y. M'Nabb departed this life some time in the year 18—. And that by the will of said James M'Nabb, deceased, a certain negro girl, named Esther, was bequeathed to plaintiff; his title and right to the possession of the same to take effect after the death of Mrs. Sarah M'Nabb, to whom a life estate, by the will, was given in the said girl, Esther; that the negro girl thus bequeathed, had issue, a girl named Patsey, who was born during the lifetime of Mrs. M'Nabb; that Mrs. M'Nabb died in the year 18—; and at her death, the said James Y. M'Nabb, as said administrator with the will annexed, took, and had possession of the negro girl Patsey, the said issue of the slave Esther. That the negro girl Patsey, was born in the State of Louisiana, where the will of James M'Nabb was made and published. That according to the laws of the State of Louisiana, and by virtue of the said will, the said Patsey, as the issue of the slave Esther, became, and was the property of the plaintiff. Further, that the girl Patsey, whilst in the possession of Mrs. M'Nabb, had issue, which also, by the laws of Louisiana, and in virtue of the will, was the property of the plaintiff; and that the slave Patsey, and her issue, are, together, worth four thousand dollars.

It is alleged further, by way of a breach of the bond, that said James Y. M'Nabb, well knowing that the slave Patsey and her issue were the sole property of plaintiff, neglected, and refused during his lifetime, to deliver the said slave and her increase to plaintiff, although requested so to do; and that after his death,

his executors and sureties, in like manner, although requested, failed and refused to deliver the same to plaintiff; but have fraudulently sold and converted the proceeds of said slave to their own use.

The defendants, in their answer, set up numerous distinct defences or pleas to the action of plaintiff; but which, under the attitude assumed by the controversy, it is unnecessary further to notice.

To these pleas or defences, or rather to some of them, plaintiff filed his demurrer, which, upon being extended back and applied to the complaint, was sustained as a demurrer thereto, and the cause was dismissed. To reverse this judgment, an appeal is prosecuted.

The sole foundation of the plaintiff's title is the bequest contained in the will of James M'Nabb, deceased. And if we admit, to the fullest extent claimed, its validity, and the consequent title of the plaintiff arising under it, to the slave Esther, it is manifest, that, in order to make out title to the slave Patsey, the alleged issue of Esther, it was essential that it should have been shown by direct averment, that she was born after his title to the remainder in Esther had vested. In other words, that Patsey was born subsequent to, and not before the death of the testator. For, if she was born before his death occurred, she constitutes a part of his estate which was devised to his widow, with remainder to all of his children, except the plaintiff, to be equally divided amongst them, at the death of Mrs. M'Nabb.

If the girl Patsey was born after the death of the testator, and consequently after the plaintiff's title to the reversion in Esther had attached, he would have been entitled to her increase or issue, although born during the continuance of the life-estate of Mrs. M'Nabb. But this is not alleged in the complaint. It is true that it is averred that Patsey was born whilst Esther was in the possession of Mrs. M'Nabb; but there is nothing to show, except by very vague inference, that Mrs. M'Nabb's possession commenced after the death of the testator, or that the possession alluded to was the possession she held under the will.

For this reason the demurrer was properly sustained. But there is another ground upon which it is equally clear, all other objections

being out of the way, that the plaintiff has no right to recover in this action.

The will under which plaintiff's title arises, was made and probated in the State of Louisiana, where the testator had his domicil, and where his estate—certainly that portion of it which is the subject of contest in this suit, was situated at the time. The testator's widow, to whom his whole estate, real and personal, was devised, seems to have been in possession from the date of the probate in 1815 up to 1840, when a copy of the will was filed in the Court of Probate of Rankin county, and ordered to be recorded; and letters, with the will annexed, were granted to James Y. M'Nabb. We are not informed by the record, whether she held possession of the property as tenant for life under the will, or claimed it as her absolute estate. The presumption however, fairly to be indulged, is, that she did not assert an unqualified title to it; but that she retained possession under the will, and consequently, claiming but a life estate. The possession of the personal estate of the testator, held by the widow, and acquiesced in by the legatees and heirs at law, from 1815 to 1840, renders this conclusion extremely probable, if not absolutely certain. From all the facts disclosed by the record, we are authorized to assume that there was, in fact, a distribution of the estate according to the directions of the will, in virtue of which Mrs. M'Nabb acquired and held possession of the property. Under this view of the subject, it is clear that James Y. M'Nabb, as the administrator, with the will annexed, of the testator, could assert no title whatever to any property possessed and held by Mrs. M'Nabb, as tenant of the life estate created by the will. The same act which vested the title in her, as tenant for life, vested the title in the legatees to the remainder. The title of the remainderman was as clearly recognized as the title of the tenant of the life estate. The act of distribution to the tenant of the particular estate, was an act of distribution to them; and as far as they were concerned, was a full and complete administration of the estate. *David W. Hunt* v. *W. Tatum*, (not yet reported.)

It follows, hence, that upon the termination of the life-interest vested in Mrs. M'Nabb, the plaintiff was entitled to the immediate possession of the slave Patsey, and her increase, if she were in

fact, the issue of the girl Esther, born subsequent to the death of the testator. But as he chose not to assert his rights, and permitted the property to be sold by James Y. M'Nabb, pursuant to the order of the Court of Probate, made in the due course of administration, and allowed the proceeds to be distributed without in any way interposing his claim, he has not now the shadow of title to recover in this action.

Judgment affirmed.